[Cite as *Jamison v. Massey*, 2018-Ohio-3034.]

COURT OF APPEALS
MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | | | |
|---|---|---|---|
| JOHN W. JAMISON, IV | : | JUDGES: | |
| | : | Hon. W. Scott Gwin, P.J. | |
| Plaintiff-Appellant | : | Hon. Patricia A. Delaney, J. | |
| | : | Hon. Earle E. Wise, Jr., J. | |
| -vs- | : | | |
| | : | | |
| ANNA M. MASSEY | : | Case No. CT-2018-0027 | |
| | : | | |
| Defendant-Appellee | : | O P I N I O N | |


CHARACTER OF PROCEEDING:      Appeal from the Court of Common Pleas, Domestic Relations Division, Case No. DE2017-0496


JUDGMENT:      Affirmed


DATE OF JUDGMENT:      July 30, 2018


APPEARANCES:

For Plaintiff-Appellant

JOHN W. JAMISON, IV, Pro Se
Inmate #716112
Madison Correctional Institution
P.O. Box 740
London, OH 43140-0740

For Defendant-Appellee

HERBERT W. BAKER
301 Main Street
P.O. Box 400
Zanesville, OH 43702-0400

*Wise, Earle, J.*

{¶ 1}   Plaintiff-Appellant, John W. Jamison, IV, appeals the April 5, 2018 decision of the Court of Common Pleas of Muskingum County, Ohio, Domestic Relations Division, denying in part his request for parenting time with his minor child.  Defendant-Appellee is the child's mother, Anna M. Massey.[1]

### FACTS AND PROCEDURAL HISTORY

{¶ 2}   Appellant and appellee have a child together, E.J., born February 24, 2010. The parties were never married.  Paternity was established in the state of Florida in June 2011.  All parties currently reside in Ohio.

{¶ 3}   In June 2015, appellant was incarcerated on drug trafficking convictions. His expected release date is in early November 2018.

{¶ 4}   On June 27, 2017, appellant filed a complaint for parentage, allocation of parental rights and responsibilities, and parenting time.  Appellant sought video visits, telephone calls, and physical visits with the minor child during his incarceration.  Appellant also sought a shared parenting plan upon his release from prison.

{¶ 5}   A hearing before a magistrate was held on January 29, 2018.  Appellant "appeared" telephonically.  By decision filed February 1, 2018, the magistrate noted the parties agreed that appellee would be designated the child's residential parent and legal custodian; therefore, the only remaining issue was parenting time with the child.  The magistrate determined appellant would be permitted to communicate with the minor child only in writing.

---

[1]We note appellee's brief fails to conform to App.R. 16(A)(1)-(4).  Nevertheless, this court read and considered it.

{¶ 6}   Appellant filed objections, but did not file a transcript of the hearing.  By judgment entry filed April 5, 2018, the trial court denied the objections, and approved and adopted the magistrate's decision.

{¶ 7}   Appellant filed an appeal and this matter is now before this court for consideration.  Assignments of error are as follows:

I

{¶ 8}   "THE TRIAL COURT ACTED CONTRARY TO THE BEST INTEREST OF MINOR CHILD, [E.M.J.], WHEN IT DENIED MR. JOHN W. JAMISON, IV IN-PERSON VISITS, VIDEO VISITS AND TELEPHONIC CONTACT WITH APPELLANT'S SON WHILE HE IS INCARCERATED."

II

{¶ 9}   "THE TRIAL COURT ACTED CONTRARY TO THE BEST INTEREST OF MINOR CHILD [E.M.J.], WHEN IT DENIED MR. JOHN W. JAMISON, IV A CHANCE TO BUILD A BONDING RELATIONSHIP DURING THE REMAINING TIME MR. JOHN W. JAMISON, IV HAS LEFT OF INCARCERATION."

I, II

{¶ 10} In his two assignments of error, appellant claims the trial court erred in denying him in-person communications with his minor child during his incarceration and denying him a chance to build a bonding relationship with the minor child during the remaining time of his incarceration.  We disagree.

{¶ 11} R.C. 3109.12(B) permits a trial court to grant parenting time rights to the acknowledged father of a child born to an unmarried woman if it is in the best interest of

the child.  Factors to be considered include, but are not limited to, sixteen factors set forth in R.C. 3109.051(D).  Pertinent to the magistrate/trial court's decisions are the following:

(1) The prior interaction and interrelationships of the child with the child's parents, siblings, and other persons related by consanguinity or affinity, and with the person who requested companionship or visitation if that person is not a parent, sibling, or relative of the child;

(2) The geographical location of the residence of each parent and the distance between those residences, and if the person is not a parent, the geographical location of that person's residence and the distance between that person's residence and the child's residence;

(4) The age of the child;

(10) Each parent's willingness to reschedule missed parenting time and to facilitate the other parent's parenting time rights, and with respect to a person who requested companionship or visitation, the willingness of that person to reschedule missed visitation;

(12) Whether the residential parent has continuously and willfully denied the other parent's right to parenting time in accordance with an order of the court.

{¶ 12} In his decision filed February 1, 2018, the magistrate found the following on these respective factors:

(1) [E.] was born February 24, 2010. He has continuously lived with his mother since birth. The parties did not reside together at anytime after the child's birth. John Jamison has had very brief contact with the child on about four occasions, the most recent of which was on December 26, 2013. The child has even less contact with John Jamison's extended family members.

(2) Ann Massey and the child reside in Muskingum County, Ohio. John Jamison is presently incarcerated in the Marion Correctional Institution in London, Ohio. His expected release date is in November 2018.

(4) [E.] is six years of age.[2]

(10) Anna Massey opposes parenting time between the child and John Jamison.

(12) No parenting time order exists. Consequently, it would be impossible for Anna Massey to have denied John Jamison's parenting time in accordance with a court order.

{¶ 13} No evidence was presented pertaining to the other factors listed in R.C. 3109.051(D).

{¶ 14} The magistrate concluded the following:

---

[2]We note at the time of the hearing, the minor child was seven years old, turning eight twenty-three days after the filing of the magistrate's decision.

Every child is entitled to have a relationship with his or her parents. Where a healthy parent-child relationship already exists, it is probably in a child's best interest to maintain in-person, video, and telephonic contact with his or her nonresidential parent even if the parent is incarcerated, so as [to] maintain their existing relationship. But [E.] has not had the opportunity to form any type of relationship with his father. There is no relationship to maintain. He is six years of age and has interacted with his father for very short periods of time on only about four occasions, the most recent of which was in December 2013 when he was only a toddler. It would be detrimental to him to begin the necessarily long and gradual process of establishing a relationship with his father by compelling him to visit his father at a state penal institution. For the same reason, requiring [E.] to participate in video or telephonic communication with his father would do nothing to facilitate the formation of a parent-child relationship between them.

Therefore, Anna Massey is designated the residential parent and legal custodian of [E.J.] (DOB 02/24/2010). John Jamison, IV is designated as the child's nonresidential parent. Until further order, John Jamison shall be permitted to communicate with the minor child only in writing. Anna Massey shall permit the child to receive, read, and retain any written communication from John Jamison.

Mr. Jamison is scheduled to be released from incarceration in November 2018. At that time he can move the Court to enter such orders

as may be in the child's best interest, including orders that facilitate the gradual process of establishing a relationship with his son.

{¶ 15} Appellant filed objections to these findings, but did not file a transcript of the magistrate's hearing for the trial court's review.  Civ.R. 53(D)(3)(b)(iv) states:

Waiver of right to assign adoption by court as error on appeal. Except for a claim of plain error, a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party has objected to that finding or conclusion as required by Civ.R. 53(D)(3)(b).

{¶ 16} Civ.R. 53(D)(3)(b)(iii) states:

Objection to magistrate's factual finding; transcript or affidavit.  An objection to a factual finding, whether or not specifically designated as a finding of fact under Civ.R. 53(D)(3)(a)(ii), shall be supported by a transcript of all the evidence submitted to the magistrate relevant to that finding or an affidavit of that evidence if a transcript is not available.  With leave of court, alternative technology or manner of reviewing the relevant evidence may be considered.  The objecting party shall file the transcript or affidavit with the court within thirty days after filing objections unless the court extends

the time in writing for preparation of the transcript or other good cause. If a party files timely objections prior to the date on which a transcript is prepared, the party may seek leave of court to supplement the objections.

{¶ 17} As explained by the Supreme Court of Ohio in *Goldfuss v. Davidson,* 79 Ohio St.3d 116, 679 N.E.2d 1099, syllabus:

In appeals of civil cases, the plain error doctrine is not favored and may be applied only in the extremely rare case involving exceptional circumstances where error, to which no objection was made at the trial court, seriously affects the basic fairness, integrity, or public reputation of the judicial process, thereby challenging the legitimacy of the underlying judicial process itself.

{¶ 18} In *Lesh v. Moloney,* 10th Dist. Franklin No. 11AP-353, 2011-Ohio-6565, ¶ 11, our colleagues from the Tenth District stated:

In the absence of a transcript or an affidavit, the trial court is required to accept the magistrate's findings of fact and may only determine the legal conclusions drawn from those facts. * * * Similarly, because plaintiff failed to file a transcript of the hearing with the trial court, our review is limited to whether the trial court correctly applied the law to the facts set forth in the magistrate's decision. * * *. (Citations omitted.)

{¶ 19} Accordingly, we review appellant's assignments of error only to determine whether the trial court committed plain error.

{¶ 20} In its April 5, 2018 judgment entry finding the magistrate's decision contained no error of law, the trial court reviewed appellant's objections and ruled as follows:

Plaintiff asserts that the Magistrate was in error finding Plaintiff and his son had not formed any type of relationship.  Again, no transcript of that evidence was provided but the Court notes that in Plaintiff's objection he is not objecting to the conclusion of the Magistrate but is actually admitting no relationship exists asserting that he had attempted on numerous times to build a bonding relationship but was denied by the child's mother.

Plaintiff next asserts that the Magistrate was in error finding a detriment to the minor child to commence building a relationship with that child while Plaintiff was still incarcerated.  This conclusion by the Magistrate is a reasonable conclusion based upon the facts that were presented and not controverted in that the child, age 6, has had only about four short periods of contact with the Plaintiff the most recent being December 2013. The same reasoning applies to Plaintiff's objection to not being permitted to participate in video or telephonic communication with the minor child while he is still incarcerated.  Permitting communication in written form again, based upon evidence that is not disputed in this matter, is not unreasonable for a child who is six years old.  Written correspondence could include cards,

photographs and other forms of communication that would be clearly understood by a six year old.

The omission of a standard parenting time order being contained in the Magistrate's Decision is appropriate given the uncertainty of Plaintiff's circumstances upon release in November and his ability upon release to file further motions to address the issue of parenting time.

With regard to the failure by Defendant to permit communication between Plaintiff and his son by way of calling, or visiting, Plaintiff has addressed that issue in his objections stating that "no court order has been given."

{¶ 21} The magistrate found appellant and the minor child have had brief contact over the years. Appellant is not precluded from communicating with the child as he was granted the ability to communicate with the child in writing. Once appellant is released from prison in November 2018, less than four months from now, he can move the trial court for additional orders to facilitate the gradual process of establishing a relationship.

{¶ 22} Upon review, we find the magistrate and trial court properly considered the factors regarding parenting time set forth in R.C. 3109.051(D) and 3109.12(B). We do not find any plain error in the trial court adopting the magistrate's decision.

{¶ 23} The judgment of the Court of Common Pleas of Muskingum County, Ohio, Domestic Relations Division is hereby affirmed.

By Wise, Earle, J.

Gwin, P.J. and

Delaney, J. concur.


EEW/db 712